**** E-filed August 26, 2010 ****

United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARY C. YARUM,

Plaintiff,

v.

ALLIEDBARTON SECURITY SERVICES, LP; and DOES 1-100,

Defendants.

______________________________________/

No. C09-05615 JW (HRL)

**ORDER CONTINUING THE HEARING ON PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS**

**[Re: Docket Nos. 22 & 25]**

**BACKGROUND**

Plaintiff Mary Yarum ("Yarum") is a former employee of defendant AlliedBarton Security Services, LP ("AlliedBarton"). Yarum worked as a security guard and suffered an on-the-job injury in December 2007, so she was put on medical leave. Her physician released her to return to work in March 2008 but under certain medical restrictions. She alleges that even though she was able to perform her duties despite these restrictions, AlliedBarton did not permit her to return to work and eventually terminated her that June. As a result, Yarum filed suit in California state court alleging wrongful termination and violations of California's Fair Employment and Housing Act, Cal. Gov. Code § 12940 et seq. ("FEHA"). AlliedBarton removed the action to federal court on the basis of diversity.

On May 3, Yarum propounded fourteen interrogatories and nine requests for the production of documents ("RFPs") to which AlliedBarton responded. According to Yarum, AlliedBarton's

responses were insufficient, so her counsel, David Chun ("Chun"), sent two letters to Donna Keeton ("Keeton"), counsel for AlliedBarton, which apparently set forth reasons why he considered the responses insufficient.

After receiving these letters, the parties discussed the discovery responses during a telephone call. This call, however, was an utter failure, and the dispute was not resolved. Yarum thereafter moved to compel further discovery responses and for sanctions.

**DISCUSSION**

Before this Court will hear a motion to compel and resolve a discovery dispute, counsel for the parties must, in good faith, meet and confer to attempt to resolve the disputed issues. FED. R. CIV. P. 37(a)(1) (In moving for an order compelling discovery, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action."); CIV. L.R. 37-1(a) ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues."); Standing Order Re: Initial Case Management and Discovery Disputes, Magistrate Judge Howard R. Lloyd, ¶ 6 ("In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed.R.Civ.P. 37 and Civil L.R. 37-1(a).").

Here, Chun submitted a declaration describing (one perspective of) the meet and confer efforts undertaken by the parties' counsel with respect to AlliedBarton's purportedly insufficient discovery responses. (Docket No. 23 ("Chun Decl.").) Chun contends that Keeton failed to meet-and-confer in good faith by being evasive, refusing to answer specific questions about his concerns, interrupting him, and ending the telephone call by hanging up on him while he was still talking. (Chun Decl., ¶¶ 5(a), (g) & (j).)

Not surprisingly, Keeton paints a different picture of the call. She says that Chun repeatedly interrupted her, loudly demanded that she respond to questions with "yes" or "no" answers, and refused to explain why he believed that AlliedBarton's discovery responses were inadequate. (Docket No. 31 ("Keeton Decl."), ¶¶ 12-14.) She told Chun that she would discontinue the call if he did not stop interrupting her, which she eventually did because Chun "was raising his voice every time he spoke, interrupting [her] before [she] could say anything more than 'Mr. Chun' . . . ." (Docket No. 30 ("Opp'n") at 4.)

Given the abject failure of this meet and confer effort, this Court is not satisfied that a good faith effort to resolve the dispute informally has taken place and believes that further discussion will benefit everyone involved. Indeed, the Court's review of the respective parties' papers leads it to believe that that many, if not all, of the issues raised in Yarum's motion to compel may be resolved informally. To that end, this Court will continue the hearing on Yarum's motions until October 5, 2010 to allow counsel to work out their problems amicably and in a professional manner. One week before the new hearing date, the parties shall submit a joint report updating the Court as to any remaining dispute issues.

**CONCLUSION**

The hearing on Plaintiff's motions to compel and for sanctions, currently set for August 31, 2010, is CONTINUED to Tuesday, October 5 at 10:00 a.m. in Courtroom 2, Fifth Floor, San Jose, California. The parties shall submit a joint report updating the Court as to any remaining disputed issues by September 28, 2010.

**IT IS SO ORDERED.**

Dated: August 26, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**C09-05615 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Alison Le Tsao | atsao@cdflaborlaw.com, lponce@cdflaborlaw.com |
| David Y. Chun | dchun@chunlaw.com, david.chun.esq@att.net |
| Donna Lynn Keeton | dkeeton@martensonlaw.com |
| Marty Norenburg Martenson | mnmartenson@martensonlaw.com |
| Nancy G. Berner | nberner@cdflaborlaw.com, mgillespie@cdflaborlaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**