**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY C. YARUM, | No. C09-05615 JW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| ALLIEDBARTON SECURITY SERVICES, LP; and DOES 1-100, | |
| Defendant. | **[Re: Docket Nos. 22, 25 & 45]** |
| _____/ | |

**BACKGROUND**

Plaintiff Mary Yarum ("Yarum") is a former employee of defendant AlliedBarton Security Services, LP ("AlliedBarton"). Yarum worked as a security guard and suffered an on-the-job injury in December 2007, so she was put on medical leave. According to Yarum, her physician released her to return to work in March 2008 under certain medical restrictions. She contends that even though (according to her) she was able to perform her duties despite these restrictions, AlliedBarton did not permit her to return to work and eventually terminated her in June 2008.

Yarum thereafter filed suit in California state court alleging wrongful termination and violations of California's Fair Employment and Housing Act, Cal. Gov. Code § 12940 *et seq.* ("FEHA"). AlliedBarton removed the action to federal court in November 2009 on the basis of diversity.

1    On May 3, 2010 Yarum propounded 14 interrogatories and 9 requests for the production of

2    documents to which AlliedBarton responded.[1]  Yarum did not believe that AlliedBarton's responses

3    were sufficient, though, and after a particularly unproductive meet and confer, filed a motion to

4    compel further responses (Docket No. 22 ("MTC")) and a motion for sanctions (Docket No. 25

5    ("MFS")).

6    Upon reviewing the papers, it was clear that the parties did not confer in good faith before

7    Yarum filed her motion to compel, so the Court continued the original hearing date and required

8    them to meet and confer again and to submit a joint statement updating the Court as to any

9    remaining disputes issues.  (Docket No. 40.)  The parties did so and filed their joint statement on

10   September 28, and, now, only two issues remain.  (*See* Docket No. 45 ("Joint Statement").)

11   Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination

12   without oral argument, and the October 5, 2010 hearing is vacated.

**DISCUSSION**

13

14   A.   The Remaining Disputes on Yarum's Motion to Compel

15        1.   Yarum's Request for Production No. 5

16   Yarum's Request for Production No. 5 asks for "[a]ny and all DOCUMENTS in plaintiff's

17   personnel file."  (*Id*. at 2.)

18   Yarum argues that even though AlliedBarton produced Yarum's "purported" original

19   personnel file, it did not contain "all documents defendant and its counsel represented were part of

20   [it]," namely a letter from Eri Shu, an AlliedBarton human resources specialist, to Yarum dated

21   December 20, 2007.  (*Id*.)  Yarum contends that "[s]uch an important letter would have been a part

22   of plaintiff's personnel file had it been drafted and sent to plaintiff as defendant contends."  (*Id*.)  As

23   such, Yarum has requested that AlliedBarton either admit the letter was not part of Yarum's

24   personnel file or produce its original copy of it.  (*Id*.)

25   AlliedBarton responds that it told Yarum's counsel that it believes that the "file copy" of the

26   letter had been in Yarum's personnel file but was pulled from the file for use in responding to

27

United States District Court
For the Northern District of California

28   [1] On April 1, 2010, Judge Ware set a discovery deadline of February 28, 2011 for this case.  This
     action was subsequently reassigned to Judge Koh.

2

**United States District Court**
For the Northern District of California

1   Yarum's discrimination complaint filed with the California Department of Fair Employment and

2   Housing.  (*Id.*)  It also notes that it already produced a copy of this letter to Yarum anyway.  (*Id.*)

3        Yarum's request seeks all documents in Yarum's personnel file, and AlliedBarton produced

4   them.  This fulfilled the request.  The parties' argument over whether the letter was originally in

5   there but now is not is irrelevant in this regard.  As such, Yarum's motion is denied as to Request

6   for Production No. 5.

7        2.  <u>Yarum's Interrogatory No. 9</u>

8        Yarum also takes issue with AlliedBarton's responses to Interrogatory No. 9, which asks

9   AlliedBarton to, among other things, describe the "essential function(s)" of Yarum's job (subpart

10  (a)), explain why they are essential (subpart (b)), and state "all reasons why plaintiff was unable to

11  perform such function(s)" (subpart (d)).[2]  (*Id.* at 3.)

12       i.  <u>Subpart (a): The Essential Functions of Yarum's Job</u>

13       With respect to the description of the essential functions of Yarum's job, AlliedBarton

14  responded that the "[e]ssential functions of Plaintiff[']s Security Officer position include:

15  responding to emergencies, such as medical emergencies, bomb threats, fire alarms, and intrusions,

16  including the ability to perform CPR and AED and carry emergency equipment; assisting with

17  evacuations during emergencies; monitoring/controlling access to the facility; and receiving and

18  lifting packages."  (*Id.*)

19       Yarum argues that AlliedBarton's use of the term "such as" shows that it only provided

20  examples of the essential functions of Yarum's job and did not provide a complete response to the

21  interrogatory.  (*Id.* at 4.)  Yarum misreads AlliedBarton's response.  AlliedBarton's response lists

22  "responding to emergencies" as the essential function, and then uses "such as" to provide examples

23

24  [2] Interrogatory No. 9 provides in full: "Describe what essential function or functions of the job that
    plaintiff was unable to perform between March 3, 2008 through June 25, 2008 because of medical
    restrictions contained in 'Primary Treating Physicians Progress Report (PR-2)' issued by Christian
25  Foglar, MD between 2/27/08 and 5/7/08 (copies of which are attached hereto as Attachment '1') by
    (a) describing the essential function(s); (b) stating why such function(s) was or were essential; (c)
26  stating the dates when plaintiff was unable to perform such function(s); (d) stating all reasons why
    plaintiff was unable to perform such function(s); (e) stating the name, ADDRESS, and telephone
27  number of each PERSON who have knowledge of any of the information given in response to any
    of the preceding subsections in this interrogatory; (f) identifying any DOCUMENT that refers to
28  any of the information given in response to any of the preceding subsections in this interrogatory."
    (Joint Statement at 3.)

**United States District Court**
For the Northern District of California

1  of emergencies.  In other words, the examples fall under the more specific essential function of

2  "responding to emergencies."  In any case, to ask AlliedBarton to list every conceivable example of

3  an emergency would be absurd.  Yarum's motion therefore is denied as to this subpart of

4  Interrogatory No. 9.

5          ii.   Subpart (b): Why the Essential Functions Are Essential

6      With respect to why these listed essential functions are indeed essential, AlliedBarton

7  responded that it "considers such functions to be 'essential' due to the importance of such functions

8  for the position and [its] contractual obligations to its client."  (*Id*. at 3)

9      Yarum argues that AlliedBarton's references to the "importance" of these job functions and

10  the "contractual obligations" to its client are conclusory, evasive, and/or vague.  (*Id*. at 4.)  Instead,

11  Yarum insists that AlliedBarton must state "*why* such functions are essential" and "*what specific*

12  *contractual obligations* made [such] functions important or essential."  (*Id*. (emphasis in original).)

13  AlliedBarton believes that its response is sufficient, as it has produced to Yarum a copy of her job

14  description and will produce (upon entry of a stipulated protective order) a copy of the relevant

15  contract, and so Yarum can review these documents to identify the bases upon which AlliedBarton

16  has made its determination of the essential functions of the job.  (*Id*. at 5.)

17      Although Yarum's argument strikes the Court as overly fussy, AlliedBarton's response, as

18  written, does not quite answer Yarum's question, and so Yarum is entitled to a further supplemental

19  response to this subpart.  That said, AlliedBarton can likely do this using information it provided in

20  response to Yarum's argument in the parties' Joint Statement.  In doing so, AlliedBarton need not,

21  however, point out each and every specific contractual provision as Yarum requests.  Accordingly,

22  Yarum's motion is granted as to this subpart of Interrogatory No. 9.

23      iii.   Subpart (d): Why Yarum Was Unable to Perform the Essential Functions of Her Job

24

25      As for the "reasons why plaintiff was unable to perform such function(s)," AlliedBarton

26  responded that Yarum was unable to perform those functions "because of the work restrictions

27  imposed by her physicians(s)."  (*Id*. at 3.)

28

4

**United States District Court**
For the Northern District of California

1    Yarum says that AlliedBarton's response is "silly" and not made in good faith.  (*Id.* at 4.)

2    She states that this subpart of the interrogatory asks "why defendant contends plaintiff could not

3    perform each function *with her medical restrictions*, not whether defendant contends plaintiff could

4    not perform the function *because* of medical restriction."  (*Id.* (emphasis in original).)  Yarum's

5    intended question is a fair one, but it is not necessarily the question asked in the interrogatory.  The

6    language in the interrogatory is ambiguous and could fairly be read to ask either question that

7    Yarum identified above.  AlliedBarton's response, then, is not "silly" as Yarum rather

8    inappropriately contends.  If Yarum wants to ask the question she now says she meant, she can do

9    so, but it is not specifically the question she asked here, so her motion as to this subpart of

10   Interrogatory No. 9 is denied.

11        B.  <u>Yarum's Motion for Sanctions</u>

12        Yarum also filed a motion for sanctions in the outlandish amount of $16,720 (for Yarum's

13   counsel's fees in preparing her motion to compel) under Rule 37(a)(5), which provides that an

14   award of sanctions is appropriate in the event that a court grants a motion to compel.  (MFS at 8.)

15   However, Rule 37(a)(5) also instructs that a court should not order such an award if the movant filed

16   the motion before attempting in good faith to obtain the discovery without court action.  FED. R.

17   CIV. P. 37(a)(5)(A)(i). As noted above, this Court initially continued the hearing on Yarum's 100-

18   page motion to compel because it believed that Yarum failed to meet and confer in good faith with

19   AlliedBarton before filing it.  (Docket No. 40.)  Indeed, after the parties were instructed by the

20   Court to try again, Yarum's motion to compel was subsequently whittled down to the four minor

21   disputed issues addressed in this order.  Such a drastic reduction in the number of disputed issues

22   suggests that this Court was correct.  And even if it was not, the Court is not convinced that

23   AlliedBarton's conduct was sanctionable.  Yarum's motion for sanctions is denied.

24                                    **CONCLUSION**

25        Based on the foregoing, Yarum's motion to compel is GRANTED IN PART and DENIED

26   IN PART.  Specifically, Yarum's motion to compel is DENIED as to Request for Production No. 5

27   and subparts (a) and (d) of Interrogatory No. 9 and GRANTED as to subpart (b) of Interrogatory

28   No. 9.  In addition, Yarum's motion for sanctions is DENIED.

**United States District Court**
For the Northern District of California

1

2      **IT IS SO ORDERED.**

3      Dated: September 30, 2010



4                                                    HOWARD R. LLOYD
                                                     UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1    **C09-05615 JW (HRL) Notice will be electronically mailed to:**

2    Alison Le Tsao                      atsao@cdflaborlaw.com, lponce@cdflaborlaw.com
      David Y. Chun                        dchun@chunlaw.com, david.chun.esq@att.net

3    Donna Lynn Keeton              dkeeton@martensonlaw.com
      Marty Norenburg Martenson     mnmartenson@martensonlaw.com

4    Nancy G. Berner                   nberner@cdflaborlaw.com, mgillespie@cdflaborlaw.com

5    **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28